911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond STODDARD, Defendant-Appellant.
 No. 90-5159.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Aug. 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-331-A).
 Thomas Crane Carter, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Cathleen A. Tutty, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Raymond Stoddard, was a prisoner incarcerated at the Lorton Reformatory. He was charged with possession of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He was also charged with possession of heroin by a prisoner in violation of Sec. 53.1-203(5) of the Virginia Code, assimilated by 18 U.S.C. Sec. 13. The evidence presented to the jury disclosed that a shake-down search occurred and, as a consequence, in a pants pocket of defendant there were found nineteen packages containing a substance which was subsequently identified as being heroin.
 
 
 2
 Stoddard insisted, contradicting the government's evidence, that his clothing at the moment of search did not contain a pants pocket and, further, that the amount of heroin found (.521 grams of 14% pure heroin) was insufficient, even together with baking soda, a possible cutting agent for heroin found in Stoddard's locker, to constitute proof of intent to distribute.
 
 
 3
 However, it is well established that where, as here, the defendant was found guilty by the jury the verdict should be sustained where, taking the view most favorable to the government, it is supported by substantial evidence. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 The district judge charged:
 
 4
 The phrase intent to distribute used in the crime charged in Count 1 means that the possession by the defendant was done knowingly, with a specific purpose to dispense or deliver the heroin to others, with or without any financial interest in the transaction. The purity, quantity, price and form of packaging the heroin possessed are circumstances which you may consider among all the relevant facts and circumstances to infer an intent to distribute. Of course, this is an inference which you may but are not required to draw.
 
 
 5
 Given the circumstances of a prison surrounding, the smallness in total weight of the nineteen packages could properly have been discounted by the jury. Moreover, the government's expert witness testified that the heroin allegedly found on Stoddard, considering the manner in which it was packaged, was "very much [consistent] with distribution as opposed to personal use." The jury's finding that there was intent to distribute, based on the record as a whole, was one which properly could be and was reached by the jury in the present case. The fact that Stoddard had a history of drug abuse did not, along with the fact that the heroin found was in a diluted state, eliminate the substantial possibility that a prisoner, subject to unannounced shake-downs, who was carrying nineteen discrete packets of heroin was doing so with the intent to distribute.
 
 
 6
 Consideration of the briefs and record has been sufficient to enable us to reach the aforementioned conclusion without the benefit of oral argument.
 
 The judgment is
 
 7
 AFFIRMED.